Weygandt, C. J.,
dissents for the reason that this case affords this court an opportunity to adopt a concededly more liberal and less harsh statutory construction than that announced in the Doyle case, supra, nearly a half-century ago.
*479 Both that and the instant cases illustrate the truth of the old adage that there is no more effective method for defeating justice than simply to delay it.
In the Boyle case the alleged wrongful death occurred in the year 1888. The decision of this court came in 1909 — twenty-one years later.
In the instant case the alleged wrongful death occurred in 1946 — eight years ago.
It is noteworthy that in the opinion in the Boyle case there is no discussion or mention whatsoever of the authorities. A careful study of these discloses that the very purpose of the wrongful death statutes is defeated in many instances if the right of action is held to be abated by the death of the beneficiary before the termination of the litigation. In the Van Beech case, supra, Justice Cardozo rationalized the matter as follows:
“When we remember that under the death statutes an independent cause of action is created in favor of the beneficiaries for their pecuniary damages, the conclusion is not difficult that the cause of action once accrued is not divested or extinguished by the death of one or more of the beneficiaries thereafter, but survives, like a cause of action for injury to a property right or interest, to the extent that the estate of the deceased beneficiary is proved to be impaired. To that extent, if no farther, a new property right or interest, or one analogous thereto, has been brought into being through legislative action. True, there are decisions under the death statutes of some states that teach a different doctrine, refusing to permit a recovery by the administrator after the beneficiary has died, though the ruling has been made at times with scant discussion of the problem. Indeed, the problem now before us was not always presented to the attention of the court, for at times the death of the beneficiary followed hard upon the death of the person negligently killed or the claim was not urged that *480 there had been damage in the interval. We think the cases favoring survival within the limits already indicated are supported by preponderant authority and also by the better reason.
ii * # #
“ Death statutes have their roots in dissatisfaction with the archaisms of the law which have been traced to their origin in the course of this opinion. It would be a misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the very evils to be remedied.”
The instant case affords an opportunity to eliminate the inducement for delay in this type of action and to avoid making the beneficiary’s right to recover dependent on her ability to outlive extended litigation.